IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CEDRIC STANCIL, #335-566,  \*

  v.  \* CIVIL ACTION NO. CCB-12-3139

WARDEN KATHLEEN GREEN, et al.  \*
\*\*\*\*\*\*

**MEMORANDUM**

On October 24, 2012, petitioner Cedric Stancil filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his conviction for first-degree murder and related offenses entered in 2006 by the Circuit Court for Baltimore City.[1] ECF No. 1. On January 15, 2013, respondents filed an answer which solely addresses the timeliness of petitioner's application. ECF No. 5. Mr. Stancil was advised of his opportunity to file a reply, ECF No. 6, and has done so. ECF No. 7.

Mr. Stancil was convicted by the Circuit Court for Baltimore City, Maryland, of first-degree murder and use of a handgun in the commission of a felony or crime of violence. ECF No. 5, Ex. 1. He was sentenced on May 15, 2006, to a life term of imprisonment, all but 50 years suspended, for the murder conviction, and a 20-year term of incarceration for the handgun conviction, to be served concurrently, the first five years to be served without the possibility of parole. *Id.*, Ex. 1 & 2. Mr. Stancil noted a timely appeal.

While his appeal was pending, on July 6, 2006, Mr. Stancil filed a timely petition for reduction and/or modification of sentence. *Id*. On July 31, 2006, the Circuit Court for Baltimore City denied the motion. *Id*., Ex. 3.

---

[1] The petition, received on October 24, 2012, is dated October 22, 2012 and is deemed filed on that date.

Mr. Stancil's conviction and sentence were affirmed by the Court of Special Appeals of Maryland in an unreported opinion on January 22, 2008. *Id*., Ex. 4. The court's mandate issued February 21, 2008. *Id.* Mr. Stancil did not seek further appellate review of his convictions. Accordingly, his convictions became final on March 7, 2008, when the time for seeking further review expired. *See* Md. Rule 8-302 (petition for writ of certiorari to be filed no later than 15 days after issuance of Court of Special Appeals mandate).

On October 28, 2008, Mr. Stancil submitted a collateral attack on his conviction pursuant to the Maryland Uniform Postconviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, *et seq*. He withdrew the petition, without prejudice, on April 14, 2010. *Id*., Ex. 1.

On May 5, 2010, Mr. Stancil filed a petition for post-conviction relief. *Id*., Ex. 1. The petition was denied, after a hearing, on September 27, 2010. *Id.*, Ex. 2. On October 25, 2010, Mr. Stancil filed an application for leave to appeal, challenging the denial of post-conviction relief. *Id*., Ex. 1. The Court of Special Appeals summarily denied the application on April 12, 2012. The court's mandate issued on May 16, 2012. *Id*., Ex. 5.

Title 28 U.S.C. § 2244(d)[2] provides a one-year statute of limitations in non-capital cases for

---

[2]This section provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

those convicted in a state case. This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 2d 771, 771-72 (D. Md. 1998), *appeal dismissed*, 178 F.3d 1283 (4th Cir. 1999).

The statute of limitations began to run in Mr. Stancil's case on March 8, 2008. Over seven months (234 days) passed between the time when Mr. Stancil's conviction became final and the first filing for post-conviction relief, on October 28, 2008. The filing of that petition tolled the running of the limitations period. Mr. Stancil then withdrew that petition on April 14, 2010, and the limitations began to run again. Twenty-one days passed before Mr. Stancil re-filed a petition for post-conviction relief, which again tolled the limitations period. After Mr. Stancil's application for leave to appeal the denial of post-conviction relief was decided on May 16, 2012, Mr. Stancil waited more than five months (159 days), until October 22, 2012, to file the instant case. In total, 414 days elapsed wherein Mr. Stancil had no proceedings pending which properly tolled the limitations period. Accordingly, the instant proceeding is time-barred.

In *Holland v. Florida*, --- U.S. ----, 130 S. Ct. 2549 (2010), the Supreme Court concluded that equitable tolling applies to the statute of limitations imposed in habeas actions. *Id*. at 2554. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented

---

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

the timely filing. *Id*. at 2562. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris*, 209 F.3d at 329-30.[3]

Mr. Stancil indicates that after his application for leave to appeal the denial of post-conviction relief was summarily denied, he filed a petition for writ of certiorari to the Maryland Court of Appeals. Presumably Mr. Stancil believes that such filing continued to toll the limitations period. He is mistaken. Under Maryland law, where the Court of Special Appeals summarily denies review, the Court of Appeals has no jurisdiction over the case. *See* Md. Code Ann., Crim Proc. § 7-109; Md. Code Ann. Cts. & Jud. Proc. § 12-202(1); *see also Sherman v. State*, 593 A.2d 670, 670 (Md. 1991) (Court of Appeals has no certiorari jurisdiction to grant post-conviction relief when Court of Special Appeals has simply denied application for leave to appeal in post-conviction proceeding); *Stachowski v. State*, 6 A.3d 907, 919-20 (Md. 2010) (Court of Appeals' certiorari jurisdiction only applies when the Court of Special Appeals rendered a decision on the merits or the viability of the appeal or the status or rights of a party). When Mr. Stancil filed his petition for writ of certiorari to the Maryland Court of Appeals it was not a "properly" filed post-conviction proceeding and did not toll the limitations period.

Mr. Stancil is simply incorrect in his understanding of how the federal limitations period runs. He fails to offer any explanation for the inactivity between the conclusion of his direct appeals and the filing of his post-conviction proceedings, nor does he provide explanation for the delay in filing the instant petition after the conclusion of his state proceedings. Mr. Stancil's pro se status and any attendant lack of knowledge of the law are not the type of extraordinary circumstances

---

[3] *See also Lusk v. Ballard*, No. 2:10cv5, 2010 WL 3061482, *6 (N.D. W. Va. July 2, 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation). In short, the court does not find Mr. Stancil's arguments for tolling compelling. *See Rouse v. Lee*, 339 F.3d 238, 248-49 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting habeas statute of limitations does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) (lack of notice of habeas statute's amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling). Therefore, the petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." Mr. Stancil does not satisfy this standard, and the court therefore declines to issue a certificate of appealability.

      A separate Order follows.


<u>April 16, 2013</u>                                                                                                    <u>/s/</u>
Date                                                                     Catherine C. Blake
                                                                    United States District Judge